IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZENON GRZEGORCZYK, | ) | |
|                 Plaintiff, | ) | |
| | ) | No. _____ CV _____ |
|       V. | ) | |
| | ) | |
| S.M. KUTKA, WARDEN, | ) | PETITION AT LAW AND JURY |
| OFFICER ART, | ) | DEMAND |
| LIEUTENANT P. BARBER | ) | |
| LIEUTENANT BURNING, | ) | |
| COUNSELOR BLISSET, | ) | |
| JASON DANA, | ) | |
| OFFICER CZABURA, | ) | |
| LIEUTENANT MICHAEL REUSCH. | ) | |
| CAPTAIN ANTONIO SALAS, | ) | |
| UNKNOWN MEMEBERS OF | ) | |
| PSYCHOLOGY STAFF, | ) | |
| UNKNOWN EMPLOYEES OF | ) | |
| BUREAU OF PRISONS, | ) | |
| PAUL M. LAIRD, REGIONAL | ) | |
| DIRECTOR, BUREAU OF PRISONS, | ) | |
|                 Defendants. | ) | |

*COMPLAINT FOR DAMAGES, DECLARTORY JUDGMENT, AND INJUNCTIVE RELIEF*

      NOW COMES Plaintiff ZENON GRZEGORCZYK, by his attorney Andréa E. Gambino, and for his complaint against WARDEN KUTKA, OFFICER SIMPSON, LIEUTENANT P. BARBER, COUNSELOR BLISSET, OFFICER ART, CAPTAIN SALAS, LIEUTENANT MICHAEL REUSCH, OFFICER OZABURA, DR. DANA, UNKNOWN PSYCHOLOGY STAFF MEMBERS, AND OTHER UNKNOWN EMPLOYEES of the BUREAU OF PRISONS, employed at the Metropolitan Correctional Center, beginning in December 2013, alleges the following:

1

INTRODUCTION

(1)     This complaint is brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), to redress the deprivation under the color of law of Mr. Grzegorczyk's Due Process rights as secured by the United States Constitution.

(2)     Beginning on or about December 17, 2013, Mr. Grzegorczyk, who was at all times relevant to this complaint a pre-trial detainee at the Metropolitan Correctional Center, was placed in administrative detention without notice of the reason for his placement, or a hearing at which he would be informed of the allegations against him and provided with an opportunity to respond to any such allegations, in violation of Bureau of Prisons policies and procedures, and in violation of Mr. Grzegorczyk's right to Due Process protected by the United States Constitution.

(3)     Shortly after placement in segregation Mr. Grzegorczyk was assigned a cellmate, Bobby Everson, Reg. No. 14009-052, who Defendants and UNKNOWN EMPLOYEES of the Bureau of Prisons knew was sent to the Metropolitan Correctional Center from another District to undergo a competency examination.  Defendants and UNKNOWN EMPLOYEES of the Bureau of Prisons also knew that  Mr. Everson was charged with illegal possession of a firearm by a felon, and had a criminal history that included at least one federal conviction for conduct that included acts of violence against others.

(4)     Mr. Everson made inappropriate comments of a sexual nature about Mr. Grzegorczyk, following which Mr. Grzegroczyk attempted to get help from Defendants, both known and unknown.  Defendants ignored Mr. Grzegorczyk's calls for help.  Mr. Everson

2

took his clothes off and lunged for Mr. Grzegorczyk, grabbing his testicles, sexually assaulting Mr. Grzegorczyk. Mr. Gzegorczyk was injured in the course of defending himself.

(5)     Defendants, both known and unknown, eventually came to the cell and used mace and violence against both Mr. Everson and Mr. Grzegorczyk.  Mr. Grzegorczyk suffered pain and injury to one side of his face.

(6)     Mr. Grzegorczyk asked Defendants Simpson, Barber, Blisset, Art, Salas, Reusch, Czabura, Dr. Dana, Warden Kutka, and unknown staff members from the psychology department for medical and psychological attention following that attack, but he was neither evaluated nor treated for the emotional harm he suffered, apart from intermittent conversations with Jason Dana.

(7)     Defendant BURNING asked Mr. Grzegorczyk to sign a report that stated there was no evidence of any such sexual assault having taken place, in violation of Mr. Grzegroczyk's right to Due Process and equal protection of the law, and his right to be protected from harm and cruel and unusual punishment while in pre-trial detention.

(8)     PLAINTIFF GRZEGORCZYK continues to suffer from flashbacks, nightmares, hypervigilance, and other emotional distress as a result of being placed in segregation without being told why, and suffering the assault and the manner in which DEFENDANTS failed to protect him from sexual assault, failed to provide psychiatric or psychological evaluation and treatment to help him recover from the assault, and failed to provide any redress whatsoever for this violation of his right to substantive Due Process and to be free from torture as a condition of his confinement.

## JURISDICTION AND VENUE

(9) This action is brought for violation of the laws of the United States and the State of Illinois, and this Court has jurisdiction under Title 28, United States Code, Sections 1331 and 1343(a)(3) and 1367.

(10) Venue is proper pursuant to Title 28, United States Code, Section 1391(b). On information and belief, one or more defendants reside in this district, and the events giving rise to the claims occurred in Chicago, Cook County, Illinois.

## PARTIES

(11) PLAINTIFF ZENON GRZEGORCZYK, at all times relevant hereto was a citizen of the United States and a resident of Cook County, Illinois. Mr. Grzegorczyk also was a pre-trial detainee, housed at the Metropolitan Correctional Center, located in Chicago, Cook County, Illinois.

(12) Defendant WARDEN KUTKA, based on information and belief, at all times relevant hereto was the Warden of the Chicago Metropolitan Correctional Center of the Federal bureau of Prisons, an agency of the United States government.

(13) OFFICER SIMPSON, based on information and belief, at all times relevant hereto was an employee of the Chicago Metropolitan Correctional Center of the Federal bureau of Prisons, an agency of the United States government.

(14) LIEUTENANT P. BARBER, based on information and belief, at all times relevant hereto was an employee of the Chicago Metropolitan Correctional Center of the Federal bureau of Prisons, an agency of the United States government.

(15)   LIEUTENANT BURNING, based on information and belief, at all times relevant hereto was an employee of the Chicago Metropolitan Correctional Center of the Federal bureau of Prisons, an agency of the United States government

(16)   COUNSELOR BLISSET, based on information and belief, at all times relevant hereto was an employee of the Chicago Metropolitan Correctional Center of the Federal bureau of Prisons, an agency of the United States government.

(17)   OFFICER ART, based on information and belief, at all times relevant hereto was an employee of the Chicago Metropolitan Correctional Center of the Federal bureau of Prisons, an agency of the United States government.

(18)   Defendant CAPTAIN ANTONIO SALAS, at all times relevant hereto was a Captain at the Chicago Metropolitan Correctional Center of the Federal bureau of Prisons, an agency of the United States government.

(19)   Defendant MICHAEL REUSCH, at all times relevant hereto was a Lieutenant at the Chicago Metropolitan Correctional Center of the Federal Bureau of Prisons, an agency of the United States government.

(20)   OFFICER OZABURA, based on information and belief, at all times relevant hereto was an employee of the Chicago Metropolitan Correctional Center of the Federal bureau of Prisons, an agency of the United States government

(21)   Defendant JASON DANA, at all times relevant hereto was a psychologist at the Chicago Metropolitan Correctional Center of the Federal Bureau of Prisons, an agency of the United States government.

(22)  Defendant PAUL M LAIRD, upon information and belief, at all times relevant hereto was the Regional Director for the Bureau of Prisons, an agency of the United States government.

(23)  UNKNOWN PSYCHOLOGY STAFF MEMBERS, based on information and belief, at all times relevant hereto were employees working at the Chicago Metropolitan Correctional Center of the Federal bureau of Prisons, an agency of the United States government

(24)  UNKNOWN EMPLOYEES of the BUREAU OF PRISONS, based on information and belief, at all times relevant hereto were employees of the Chicago Metropolitan Correctional Center of the Federal bureau of Prisons, an agency of the United States government

## ALLEGATIONS

(25)  On or about December 17, 2013, Zenon Grzegorczyk, a pre-trial detainee, was placed in administrative detention without being told why he was subjected to placement in segregation, other than a vague reference to safety and security reasons, without specifying whether it was for his own safety and security or that of others who were making allegations against him, in violation of his Due Process right to notice of any allegations against him, and his right to be free from punishment as a pre-trial detainee.

(26)  Placement in administrative detention deprives or limits an inmate in his ability to access a telephone, mail, e-mail, and in-person contact visits with friends, family, and attorneys. Such placement also deprives him of any ability to access fresh air and natural sunlight, access to recreational facilities, religious services, and computer and librarian assisted legal research, in violation of his right to be free from punishment without due process and to be held in conditions that do not approximate torture.

6

(27)     Mr. Grzegorczyk was not afforded a hearing at which he could challenge the basis for his placement in administrative detention, in violation of his right to due process and his right to be free of punishment while he was a pre-trial detainee.

(28)     While in segregation, known and unknown defendants, assigned a cellmate to share a cell with Mr. Grzegorczyk, when, based on information and belief, defendants knew or should have known that (1) the inmate, Bobby Everson, had been sent to the Metropolitan Correctional Center for a competency evaluation, (2) that he was being charged with possession of a firearm by a felon, possession of a controlled substance, and possession of a firearm in furtherance of a drug trafficking offense, and (3) that he had previously been convicted of a Racketeering charge that included overt acts of violence by Mr. Everson, including shootings, violent robberies, and a gang fight that involved a knifing injury to an opposing gang member.  The Defendants, knowing about Mr. Everson's violent history and mental health issue, placed Mr. Grzegorczyk in an unsafe environment, in assigning Mr. Everson to share a cell with Mr. Grzegorczyk, in violation of Mr Grzegorczk's due process right to be protected from harm.

(29)     Shortly after the placement of Mr. Everson in Mr. Grzegorczyk's cell, Mr. Everson made inappropriate sexual comments to Mr. Grzegorczyk while Mr. Grzegorczy was urinating or dressing.

(30)     Mr. Grzegorcyk banged on his cell door and called for help from the guard assigned to the floor, but his calls went unheeded, despite the fact that Mr. Grzegorczyk could hear that the officer was nearby and within hearing distance of his calls for help.

(31)     Mr. Everson stripped naked and lunged for Mr. Grzegroczyk, grabbing his testicles .

7

(32)   Mr. Grzegorczyk called out for help repeatedly and his calls were not answered in time to prevent the attack.

(33)   At least one of Defendants responsible for monitoring the individuals placed in administrative detention, also known as segregation or solitary confinement, was on the floor within hearing distance of Mr. Grzegroczyk's calls for help, but ignored those calls and did not respond until Mr. Grzegorczyk and Mr. Everson were engaged in a physical struggle with one another.

(34)   Mr. Grzegorczyk fought Mr. Everson, to defend himself from Mr. Everson's sexual assault.

(35)   During the struggle between Mr. Grzegorczyk and Mr. Everson, Defendants came to the cell and sprayed both parties with mace, subdued and manhandled both parties, dragging them to the showers.  In the process of struggling with Mr. Everson and defendants, Mr. Grzegorczyk's head was banged against the wall, causing pain to his ear and one side of his face and head.  He also suffered pain to his hand and arm, and was traumatized by the sexual assault committed upon him by Mr. Everson.

(36)   Mr. Grzegorczyk suffered from nightmares, flashbacks, and high anxiety, prompting him to ask for psychiatric care, which requests were ignored, in violation of his right to access to needed medical and psychiatric or psychological care.  Mr. Grzegorczyk requested help from Defendants Simpson, Lieutenant P. Barber, Counselor Blisset, Officer Art, Captain Salas, Lieutenant Reusch, Officer Czabura, Dr. Dana, Warden Kutka, and UNKNOWN PSYCHOLOGICAL STAFF MEMBERS, none of whom responded with help, resulting in Mr. Grzegroczyk seeking an administrative remedy, through filling out a request for informal resolution on January 17, 2014.

(37)    Informal resolution was not possible, so Mr. Grzegorczyk began the formal administrative remedy process by asking for and receiveing a BP-9 form on January 22, 2014.

(38)    Mr. Grzegorczyk was referred to a psychologist, Dr. Dana, who did not engage in adequate therapy with Mr. Grzegorczyk,, nor did Dr. Dana conduct a psychological evaluation to determine whether he was suffering from a diagnosable mental health condition, or explain to Mr. Grzegorczyk a prescribed course of treatment.

(39)    Defendant Burning asked Mr. Grzegorczyk to sign a report that claimed an investigation had been done and that there was no evidence that he had been sexually assaulted.

(40)    Mr. Grzegroczyk refused to sign such an agreement, because it was untrue.

(41)    Mr. Grzegorczyk was kept in segregation for a month after the sexual assault occurred, while the offending inmate was released to general population where he could pose a threat to other inmates, needlessly punishing Mr. Grzegorczyk and subjecting others to a known risk of violence.

(42)    Mr. Grzegorczyk was released from segregation on January 28, 2014, without ever having had a hearing at which he could learn of the reason for his treatment, confront the accuser, and defend against any allegations against him, in violation of his right to due process and his right to be free from punishment and conditions that approximate torture, as a pre-trial detainee.

(43)    Subsequently, Warden S.M. Kutka, Regional Officer Paul M. Laird, and a Central Office representative, told Mr. Grzegorczyk that a plan had been developed to treat his condition, that he had, in fact, been informed of the reason for his placement in segregation,

9

and that he knew the results of the investigation, but chose not to acknowledge them, all of which were false statements and violated Mr. Grzegorczyk's right to Due Process.

(44)    In April 2014, Mr. Grzegorczyk and other inmates were asked to sign a form saying that they had reviewed a video about sexual assault.

(45)    The video was never shown to Mr. Grzegorczyk and the others. Instead, the inmates were locked down and not released in time to see the video, as they had been told they would be.

(46)    The United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment defines torture as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . punishing him for an act he has committed or is suspected of having committed, or intimidating or coercing him . . ., or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the or at the instigation of . . . a public official or other person acting in an official capacity." The United States of America signed the Convention, and it was ratified by the United States on October 21, 1994. The convention further provides that "each State Party shall take effective legislative, administrative, judicial or other measures to prevent acts of torture in any territory under its jurisdiction." The placement of Mr. Grzegorczyk in segregation for a month and subjecting him to attack by placing him in a cell with a person with known mental health issues and a violent background constitutes a violation of the aforesaid Convention Against Torture, to which the United States is a State Party.

(47) Upon information and belief, Federal Bureau of Prison regulations require the regular monitoring and assessment for psychological harm from the solitary confinement of inmates who are in solitary confinement in a Bureau of Prisons facility.

(48) Upon information and belief, plaintiff Grzegorczyk was not monitored and evaluated at all, much less regularly, for the psychological effects of solitary confinement after he suffered a sexual assault by another inmate with known mental health issues and violent background. As a direct and proximate cause of his segregation, the assault he endured while in segregation, and the failure to adequately treat Mr. Grzegorczyk in the aftermath of the assault, Mr. Grzegorczyk suffered emotional harm, suffering, and damages.

## COUNT 1

### Deprivation of Constitutional Rights

(49) Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

(50) As described more fully above, the Defendants deprived Plaintiff Grzegorczyk of his right to procedural due process, and failed to protect him from sexual assault, and denied him appropriate psychiatric and psychological treatment in the aftermath of the assault.

(51) The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

(52) The misconduct described in this Count was undertaken with willfulness and reckless indifference to the rights of others.

(53) As a result of the above-described wrongful infringement of his rights, Plaintiff Grzegorczyk has suffered pain and injury, as well as emotional distress.

## COUNT 2

### State Law Claim- Intentional Infliction of Emotional Distress

(54)    Each of the preceding Paragraphs is incorporated as if restated fully herein.

(55)    The acts and omissions of the Defendants were extreme and outrageous. The Defendants intended to cause, or were in reckless disregard of the probability that their conduct or failure to act would cause severe emotional distress to Mr. Grzegorczyk.

(56)    Said actions and failures to act did directly and proximately cause severe emotional distress to Mr. Grzegorczyk and thereby constituted intentional infliction of emotional distress.

(57)    The misconduct described in this Count was undertaken with willfulness and reckless indifference to the rights of others.

(58)    As a result of the Defendants' actions and failures to act, Plaintiff Grzegorczyk suffered damages, including severe emotional distress.

WHEREFORE, PLAINTIFF GRZEGORCZYK, through counsel, prays that this Court:

A.    FIND that defendants WARDEN KUTKA, OFFICER SIMPSON, LIEUTENANT P. BARBER, COUNSELOR BLISSET, OFFICER ART, CAPTAIN SALAS, LIEUTENANT MICHAEL REUSCH, OFFICER OZABURA, DR. DANA, PAUL M. LAIRD, UNKNOWN PSYCHOLOGY STAFF MEMBERS, AND OTHER UNKNOWN EMPLOYEES of the BUREAU OF PRISONS, are guilty of and liable for the deprivation of Plaintiff GRZEGROCZYK's right to procedural and substantive Due Process under the Fifth Amendment to the United States Constitution;

B.    ENTER a declaratory judgment that subjecting Plaintiff to segregation without hearing and failing, assigning him to a cell with an individual who is known to have displayed behavior that calls into question his competency to participate in legal proceedings and who has also been found guilty of violent acts toward others, and evidencing deliberate indifference to Mr. Grzegroczyk when he called for help, violated

Plaintiff Grzegorczyk's rights to procedural and substantive Due Process under the Fifth Amendment to the United States Constitution as well as his right to be free from torture under international law and the laws of the United States.

C.	ENTER judgment in favor of Plaintiff GRZEGROCZYK and against Defendants WARDEN KUTKA, OFFICER SIMPSON, LIEUTENANT P. BARBER, LIEUTENANT BURNING, COUNSELOR BLISSET, OFFICER ART, CAPTAIN SALAS, LIEUTENANT ROUCHE, OFFICER OZABURA, DR. DANA, PAUL M. LAIRD, UNKNOWN PSYCHOLOGY STAFF MEMBERS, AND OTHER UNKNOWN EMPLOYEES of the BUREAU OF PRISONSAWARD plaintiff:

1.	Compensatory damages against the defendants as shall be proven at trial;

2.	Penalties and Punitive damages against the individual defendants as shall be proven at trial;

3.	Plaintiff's costs herein;

4.	Injunctive relief preventing the Defendants from assigning inmates housed in segregation to cell mates who are in the institution to undergo a competency examination;

5.	Such further relief that the Court deems just and proper.

### JURY DEMAND

PLAINTIFF GRZEGORCZYK demands trial by jury on all issues so triable.

DATE:	December 15, 2015	Respectfully submitted,

BY:	s/Andréa E. Gambino
Attorney for Zenon Grzegorczyk

Law Offices of Andrea E. Gambino
53 W. Jackson Blvd., Suite 224
Chicago, Illinois 60604
(312) 322-0014
agambinolaw@gmail.com